UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

JEREMY STONE                                                                                        PLAINTIFF

v.                                                                   CIVIL ACTION NO. 4:09CV-P50-M

MARTY GIRTEN                                                                                   DEFENDANT

### MEMORANDUM OPINION

Plaintiff, Jeremy Stone, a convicted inmate currently incarcerated at the Union County Jail, filed this *pro se* complaint pursuant to 42 U.S.C. § 1983 against Jailer Marty Girten in his individual and official capacities. Plaintiff claims that Defendant Girten was aware that Plaintiff suffered from serious back problems. Plaintiff claims that despite this knowledge Defendant Girten forced Plaintiff to sleep on the floor for several days as a form of punishment. Plaintiff alleges that this punishment caused him pain and exacerbated his back problems so that now he can barely walk, has lost feeling in his hands, and has nerve damage in his hip.

This matter is before the Court for *sua sponte* screening of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Because Plaintiff is a prisoner suing a governmental employee, this Court must review the instant action. *See* 28 U.S.C. § 1915A. Upon review, this Court must dismiss the complaint or any portion thereof that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

Plaintiff has brought suit under 42 U.S.C. § 1983. Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere. It has two basic requirements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).

**Official-capacity claims**

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Therefore, Plaintiff's official-capacity claim against Defendant Girten is actually against Union County. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will first address the second issue, *i.e.*, whether the municipality is responsible for the alleged constitutional violation.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in original).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional

deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the [county] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that the plaintiff must demonstrate "deliberate conduct").

In the instant case, Plaintiff has not alleged that Defendant Girten acted pursuant to a municipal policy or custom in causing the alleged harm. The incident alleged appears to be an isolated occurrence affecting only Plaintiff. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). As nothing in the complaint demonstrates that Defendant Girten's actions occurred as a result of a policy or custom implemented or endorsed by Union County, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim. Accordingly, Plaintiff's official-capacity claim against Defendant Girten must be dismissed.

**Individual-capacity claim**

On review, the Court will allow Plaintiff's Eighth Amendment individual-capacity claim against Defendant Girten to proceed for further development. In permitting this claim to proceed, the Court passes no judgment on the ultimate outcome of the action.

3

The Court will enter a Scheduling Order governing the development of Plaintiff's individual-capacity claim and will enter a separate Order dismissing the official-capacity claim.

Date:

cc: Plaintiff, *pro se*
　　Defendant
　　Union County Attorney
4414.008