# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO
# CIVIL ACTION NO. 4:09CV-P50-M

JEREMY STONE                                                                        PLAINTIFF

v.

MARTY GIRTEN                                                       DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's motion for summary judgment. Plaintiff did not file a response to the motion, and the time to do so has long since expired. For the reasons set forth below, the Court will enter summary judgment in favor of Defendant.

### I. Summary of Claims

Jeremy Stone, a convicted inmate incarcerated at the Union County Jail, filed this 42 U.S.C. § 1983 action against Union County Jailer Marty Girten. Plaintiff sued Defendant Girten in both his individual and official capacities. Plaintiff alleged as follows in his complaint:

> I was put in isolation in the Union County Jail and told that my mattress would be taken away from me from 5 a.m. until 9 p.m. for 10 days. I told Jailer Marty Girten that I have a back condition. He stated, "then 10 days in isolation will make you feel real good. This conversation took place in front of a camera in a recreation room. Which after 4 days he let me go back to population. After intentionally causing me pain. I could barely walk when I came out of isolation. Since then I have lost the feeling in both of my hands and now have nerve damage in my left hip. I have been to the doctor several times. I have had an MRI and I am now waiting to see a neurosurgeon.

Plaintiff alleged that these actions violated his right to be free from cruel and unusual punishment. On initial screening of the complaint, the Court dismissed Plaintiff's official-capacity claims, but allowed the individual-capacity claims to proceed for further development. Defendant Girten has now moved for summary judgment.

In support of his motion for summary judgment, Defendant Girten has submitted an affidavit in which he explains that on April 3, 2009, Plaintiff was found guilty during a prison

disciplinary proceeding of "profanity toward jail staff, repeated minor violations and interfering with the safety and security of the jail." Plaintiff's punishment "was ten days in isolation, two thirds of which was probated if there were no new offenses." Defendant Girten explains Plaintiff's stay in isolation as follows:

> Stone's complaint regarding his stint in isolation in April 2009 is incorrect. I made no statement that ten days in isolation would make Stone's back feel good. Stone was allowed a mattress during sleeping hours while in isolation due to jail policy. At no time did I have any medical directive indicating that Stone required a mattress longer than eight hours per day. The isolation area contains a bench/bed and a picnic table with a bench. The inmate in isolation has the ability to sit and stand when needed and to walk about in the isolation cell. At no time did I disregard Stone's health or medical welfare.

(DN 11, Ex. 2). Defendant Girten has also submitted the affidavit of Dr. William Bebout. Dr. Bebout states as follows:

> I am a medical doctor and a general practitioner with an office in Morganfield, Kentucky. I am familiar with patients who have back pain. A patient with lumbar back pain and sciatica is not required to have access to a mattress for more than sleeping hours. It is sufficient for a back patient to be able to sit and stand and move about frequently.

(DN 11, Ex. 3).

## II. Summary Judgment Standard

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The moving party's burden may be discharged by demonstrating that there is an absence of evidence to support an essential element of the nonmoving party's case for which he or she has the burden of proof. *Id.* Once the moving party demonstrates this lack of evidence, the burden passes

2

to the nonmoving party to establish, after an adequate opportunity for discovery, the existence of a disputed factual element essential to his case with respect to which he bears the burden of proof. *Id*. If the nonmoving party will bear the burden at trial on a dispositive issue, the nonmoving party must go beyond the pleadings and by his own affidavits, "or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id*. at 324 (internal quotation marks omitted, citing FED. R. CIV. P. 56(e)). If the record taken as a whole could not lead the trier of fact to find for the nonmoving party, the motion for summary judgment should be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Where the nonmoving party bears the burden of proof at trial, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. The nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F. Supp. 214, 217 (E.D. Mich. 1990). The moving party, therefore, is "entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." *Id*. (internal quotation marks omitted). "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial." FED. R. CIV. P. 56(e)(2). "If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." *Id.*

### III. Analysis

To sustain an Eighth Amendment conditions-of-confinement claim, an inmate must show that he was deprived of "the minimal civilized measure of life's necessities," *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981), and that the defendant to act with "deliberate indifference" to a prisoner's health or safety. *Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991).

Plaintiff has set forth no facts indicating that he was deprived of "the minimal civilized measure of life's necessities." He has not alleged that he was denied basic human needs during his short stay in segregation. *Hudson v. McMillian*, 503 U.S. 1 (1992). While his mattress was taken during the day, it was returned to him for his use at night, and during the day he had a bench for sitting and an area in which to walk. *See Jones v. Toombs*, No. 95-1395, 1996 U.S. App. LEXIS 6545, 1996 WL 67750, at *1 (6th Cir. Feb. 15, 1996) (holding that as a matter of law defendants did not violate inmate's Eighth Amendment rights by depriving him of a mattress for a two-week period). Moreover, "'[b]ecause placement in segregation is a routine discomfort that is a part of the penalty that criminal offenders pay for their offenses against society, it is insufficient to support an Eighth Amendment Claim.'" *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008) (quoting *Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003)). Furthermore, Plaintiff has not shown that Defendant Girten deliberately disregarded a known risk that being without a mattress during the daytime hours would worsen Plaintiff's back condition. Therefore, the Court concludes that Plaintiff has failed to state an Eighth Amendment claim with respect to his placement and conditions in segregation.

Additionally, Plaintiff has not shown his stay in isolation actually caused or contributed to his back problems. *See Horn by Parks v. Madison County Fiscal Court*, 22 F.3d 653, 659 (6th Cir. 1994) ("[P]roximate causation is an essential element of a § 1983 claim for damages.").

Furthermore, from the record, it appears that Plaintiff has been provided with a substantial amount of medical care for his back problems by the prison. It is of no consequence that Plaintiff might disagree with the type of care provided. *See Plunkett v. United States*, No. 95-5134, 1995 U.S. App. LEXIS 37117 (6th Cir. Sept. 25, 1995) ("A difference of opinion between a prisoner and a doctor over diagnosis or treatment does not state an Eighth Amendment claim of deliberate indifference to a serious medical need.").

Viewing the evidence in the light most favorable to Plaintiff, the Court finds it clearly insufficient to raise an issue of material fact upon which reasonable minds could differ. Thus, Defendant Girten is entitled to summary judgment.

## IV. Order

For the reasons set forth above, Defendant Girten's motion for summary judgment (DN 11) is **GRANTED**. By separate Order, summary judgment will be entered in favor of Defendant Girten.

Date:

cc: Plaintiff, *pro se*
  Counsel of record
4414.008